UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL WINTERS,<br><br>Defendant. | Case No. 22-cr-00406-JSW-1<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE SANCTIONS AND REFER COUNSEL TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

In the Status Hearing conducted by this Court on January 16, 2024, the Court issued a verbal Order to Show Cause to Attorney Erik Babcock. Per the Court's Order, (*see* Dkt. No. 89), Attorney Babcock has until February 2, 2024 to submit his responses to the Court. Attorney Babcock must submit the following:

1. Attorney Babcock must respond in detail to the letter filed by his client (*see* Dkt. No. 81) and served upon Attorney Babcock at the January 16, 2024 status hearing. Attorney Babcock should address each of the grievances listed by his client. This response must be filed under seal.

2. Attorney Babcock must file a separate, public response addressing the misconduct raised by the Court at the January 16, 2024 status hearing. In particular, Attorney Babcock should address the following misconduct:

    a. Delaying in requesting to continue the status hearing, originally scheduled for January 9, 2024, so that the request was submitted unilaterally over the winter holidays;

    b. Requesting an ID of counsel hearing with a magistrate judge after being ordered to appear before this Court to address his continued representation of

Mr. Winters and without seeking leave from this Court;

c. Failing to provide any substance to the Joint Status Report filed by the Government on January 5, 2024, even though the status hearing was specifically set to address Attorney Babcock's representation of Mr. Winters ahead of the pretrial conference;

d. Failing to disclose relevant information in the Joint Status Report, including that Attorney Babcock was double-booked for January 16, 2024 and required a special setting or that Mr. Winters may have personal health issues which could impact trial;

e. Failing to engage in trial preparation, including regarding the Court's pretrial deadlines for exchange of motions *in limine*, even though Attorney Babcock's representation of Mr. Winters was ongoing;

f. Emailing the Court *ex parte* on January 15, 2024—a court holiday—to inform the Court that Attorney Babcock may be unavailable for the January 16, 2024 status hearing and unilaterally requesting a special setting;

g. Emailing the Court on the morning of January 16, 2024 to state that Attorney Babcock was tied up in jury selection and would have to "play by ear" whether he could attend the status hearing, which was set for a date and time that Attorney Babcock had selected;

h. Arriving late to the January 16, 2024 status hearing, causing a delay for the Court and subsequent case on the docket;

i. Denying at the status hearing that Attorney Babcock requested an ID of counsel hearing with a magistrate judge, when he had done so[1];

j. Stating at the status hearing that neither party had served motions *in limine* or other pretrial filings, when counsel for the Government stated that it had done

---

[1] The Court understood that Attorney Babcock requested the ID of counsel hearing before Judge Westmore. The Court now understands that Attorney Babcock reached out to the chambers of Judge Ryu to request an ID of counsel hearing. Regardless, Attorney Babcock should have planned to appear before this Court as ordered.

2

so on January 8, 2024.

Attorney Babcock must submit his responses to this Order to Show Cause under oath. Failure to respond to this Order to Show Cause, or failure to convince the Court that sanctions are unwarranted, will result in sanctions—monetary and otherwise—and a referral to the Standing Committee on Professional Conduct.

**IT IS SO ORDERED.**

Dated: January 17, 2024

JEFFREY S. WHITE
United States District Judge