UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>PAUL WINTERS,<br><br>    Defendant. | Case No. 22-cr-00406-JSW-1<br><br>**PRETRIAL ORDER NO. 1:**<br><br>**RULINGS MADE AT THE FINAL PRETRIAL CONFERENCE** |

The parties appeared for the Final Pretrial Conference on May 28, 2024. Based upon the parties' papers, relevant legal authority, arguments of counsel, and the record in this case, the Court sets forth the Pretrial Order as follows:

## BACKGROUND

The Government contends that, on August 23, 2021, at approximately 1:30 p.m., law enforcement agents conducted a search at 3753 39th Avenue, Oakland, CA 94619. During the course of their execution of that search, law enforcement agents found three firearms and several rounds of ammunition. The Defendant, Paul Winters, was subsequently charged in this case with two federal crimes: (1) being a felon in possession of a firearm and ammunition, and (2) possession of an unregistered firearm.

## PRETRIAL RULINGS

**A. Defendant's Motion to Dismiss Count I of the Superseding Indictment (Dkt. No. 154).**

This motion is denied. The Court will issue a separate written order setting forth its reasoning.

**B. The Parties' Proposed Pretrial Order.**

At the hearing, Mr. Winters stated that he is not willing to enter into any stipulations with

the Government. Therefore, the Court will disregard the proposed stipulations in the proposed pretrial order and response as to Defendant's prior convictions.

**C.     Motions in Limine.**

This section terminates Docket Nos. 129, 130, 131, 132, 133, 139, 140, 141, 142, and 143.

The below rulings are based upon Mr. Winters' decision not to stipulate to his status as a prohibited person and knowledge of his prior felonies, or to withdraw the stipulations he may have previously entered. The Court would be open to entertaining a request to reconsider these rulings in the event Mr. Winters voluntarily chooses to reconsider his decision not to stipulate.

- **Government Motion in Limine No. 1 is GRANTED**. The Court will give a limiting instruction to the jury to make clear that the prior convictions may only be considered for the purpose of whether the Government has proven status and knowledge of status for Count I, violation of 18 U.S.C. section 922(g).

- **Government Motion in Limine No. 2 is GRANTED**. Defendant shall not argue suppression or other legal issues to the jury.

- **Government Motion in Limine No. 3 is DENIED as premature**. Defendant is ORDERED to alert the Court to any specific statements it anticipates putting in the record prior to the start of trial so that the Court may rule on their admissibility.

- **Government Motion in Limine No. 4 is GRANTED**. Defendant may not present argument that he possessed the firearm or ammunition innocently.

- **Government Motion in Limine No. 5 is DENIED as compound**. However, the Federal Rules of Evidence and Federal Rules of Criminal Procedure always apply.

- **Defense Motion in Limine No. 1 is DENIED**. However, the Court will exclude evidence that Defendant was on parole at the time of the charged offense because parole status is not relevant to any of the elements of the charges. This ruling does not prevent the Government from calling Defendant's parole officer as a witness regarding the discovery of the firearms and ammunition. References to the witness's title and Defendant's parole status should be limited.

- **Defense Motion in Limine No. 2 is DENIED**.

- **Defense Motion in Limine No. 3 is DENIED**. Defendant states that he will not

stipulate that he was previously convicted of a felony.

- **Defense Motion in Limine No. 4 is DENIED AS MOOT**. The Government stated it will not call experts for which it has not filed Rule 16 notices.

- **Defense Motion in Limine No. 5 is GRANTED**. This ruling does not prevent the Government from calling Defendant's parole officer as a witness regarding the discovery of the firearms and ammunition. References to the witness's title and Defendant's parole status should be limited.

D.   **Jury Issues.**

At trial, the Defendant and Mr. Woodson will be present at the Defendant's counsel table. Mr. Chambers, Mr. Rees, Agent Andrew Balady, and Paralegal Helen Yee will be present at the Government's counsel table.

After receiving the questionnaire responses from potential jurors, the parties will need to meet and confer regarding excuses for cause and hardship and provide that information to the Court prior to jury selection. The Court will set a date upon receipt of the responses.

The Court will conduct the questioning at voir dire. The Court will permit the parties to conduct brief follow-up questioning as appropriate, but those questions should not be used as an opportunity to pre-argue the case. The questions should be limited to facts.

I require the parties to exercise their peremptory challenges simultaneously and blind as to the other party's selection until the jury is final. I will seat **12** jurors with **2 alternates**. The Government has six peremptory challenges and the Defendant has ten. Fed. R. Crim. Proc. 24(b). The parties will exercise their peremptory challenges simultaneously, blind as to the other party's selection until the jury is final.

Each side has one additional peremptory challenge which may be used only to remove alternate jurors. Fed. R. Crim. Proc. 24(c)(4)(A). These challenges will be exercised after the parties have exercised their peremptory challenges as to the regular jurors. Counsel will know which jurors are the alternates, but the jurors will not. At the conclusion of testimony, the alternates will be excused from deliberations but will remain on call and subject to the Conduct of the Jury Instruction until the jurors reach a verdict.

Challenges will be exercised out of the presence of the jurors. The order of challenges and/or excusals is as follows:

(1) hardship/time

(2) cause

(3) peremptory

(4) *Batson*.

The Court will provide a copy of the Conduct of the Jury Instruction and a Juror Certification Form to each of the jurors and alternates for their signatures.

Proposed preliminary jury instructions were posted and neither party objected by the deadline. However, because Defendant does not wish to stipulate to his prior convictions, the Court will issue an amended order with revised proposed preliminary jury instructions.

**E.  Trial and Schedule.**

Due to court reporter shortages, the Court asked the parties to provide their best estimate of the total length of trial. The Government estimates three days for its case-in-chief, and Defendant estimates 1.5 days.

The Court sits on Mondays, Wednesdays, and Thursdays from 8:00 a.m. to 1:30 p.m. and on Tuesdays from 8:00 a.m. to 12:15 p.m.

The Court will not sit on Wednesday, June 19 in observance of Juneteenth. The trial schedule is as follows:

| Monday | Tuesday | Wednesday | Thursday |
|---|---|---|---|
| June 17 | June 18 | June 19 | June 20 |
| 8:00 a.m. to 1:30 p.m. | 8:00 a.m. to 12:15 p.m. | Court not held | 8:00 a.m. to 1:30 p.m. |
| June 24 | June 25 | June 26 | |
| 8:00 a.m. to 1:30 p.m. 2:00 p.m. (tentative charging conference) | 8:00 a.m. to 12:15 p.m. | 8:00 a.m. to 1:30 p.m. | |

Each side shall have 20 minutes for opening statements.

The parties should exchange any demonstrative aids to be used in opening statements by

4

5:00 p.m. on the Thursday before trial.

**F.  Exhibits, Evidence, and Additional Issues.**

    **a.  Exhibits.**

The parties should provide the Court with two USBs with exhibits at the start of trial. At the end of each day of trial, the parties will meet with the Courtroom Deputy to confirm which exhibits have been admitted into evidence. At the close of trial, the parties shall prepare a directory of all exhibits that will go to the jury via CAND PC.

    **b.  Objections.**

Defendant objected to several of the Government's exhibits.

- Defendant objects to Exhibits 3, 18, 28, and 29 on relevance grounds. The Court reserves its ruling on those objections at this time.
- Defendant objects to Exhibit 5, Cell Phone Dump, on the basis that the records were not provided to the defense. The Government must produce the records to Defendant by May 30, or the exhibit will be excluded. The Government represented that it had sent Defendant the exhibit via FedEx.

    **c.  Miscellaneous Issues.**

The Court issued a Rule 17 subpoena. The recipient complied, and the Court finds the response is appropriate to release to Defense Counsel. Defendant must show cause by June 3, 2024 why the subpoena response should not be shared with the government.

For the sake of efficiency, the parties should coordinate witnesses and call each witness for all purposes. If, during the course of the trial, either party believes any particular witness should not be called for all purposes, that party should let the Court know by 3:00 p.m. the day before the witness will be called.

Only one lawyer may examine each witness, including for objections. Objections should be one word, not speaking objections.

//

The Court heard Mr. Winters' motion to substitute counsel ex parte and under seal. The motion is DENIED as stated on the record. The Court issued instructions to Defense Counsel ex parte and under seal.

**IT IS SO ORDERED.**

Dated: May 30, 2024

_____
JEFFREY S. WHITE
United States District Judge