UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL WINTERS,<br><br>Defendant. | Case No. 22-cr-00406-JSW-1<br><br>**ORDER DENYING REQUEST FOR RELEASE OR ACCESS TO LAW LIBRARY**<br><br>Re: Dkt. No. 229 |

Now before the Court is Pro Per Defendant Paul Winters' request for compassionate release or for release to have "adequate access to legal resources for self-representation." (Dkt. No. 229, Motion.) The Court previously denied Mr. Winters' request for compassionate release on medical grounds and ordered further such motions be directed to Magistrate Judge Kandis Westmore. (Dkt. No. 230, Order.) The Court ordered the Government to respond to Mr. Winters' request for release on the basis of access to legal resources or request for access to a law library. (*Id.*) For the following reasons, the Court now DENIES the motion in full.

**BACKGROUND**

In the instant motion, Mr. Winters seeks an order for pretrial release, or, in the alternative, directing the Santa Rita Jail "to provide him with the necessary legal resources and services to effectively represent himself." (Motion, at 2.)

Mr. Winters contends that the Santa Rita Jail lacks a functional law library. He concedes that "[t]he jail does have a satellite system for responding to legal requests, but this process can take 3-6 weeks." (*Id.* at 4.) Mr. Winters does not claim that he has made any legal requests that have taken 3-6 weeks to be fulfilled. (*See id.*) Mr. Winters also complains that he "does not have

access to the electronic law library, typewriter, word processor[1], or related office supplies typically provided in Bureau of Prisons (BOP) facilities." (*Id.*) He also seeks access to "electronic communication services." (*Id.* at 5.)

Santa Rita Jail contracts with a "legal assistance provider" to, among other things, "make available appropriate legal material" to inmates. (Dkt. No. 232-2, Alameda County Sheriff's Office Detention and Corrections Policy and Procedure Re: Legal Assistance Program ("LAP Policy"), at 2.) Inmates may submit a "specialized message request slip stating the legal material/services they require." (*Id.* at 3.) According to the policy, copies of legal materials are delivered to the requesting inmate within 72 hours. (*Id.*)

Self-represented inmates in Santa Rita Jail have the option to purchase legal supplies through the commissary. (Dkt. No. 232-3, Alameda County Sheriff's Office Detention and Corrections Policy and Procedure Re: Pro-Per Inmates ("Pro Per Policy"), at 2.) Indigent pro per inmates may, on a monthly basis and at no cost, request a legal pad, plain paper, pleading paper, a file folder, and envelopes. (*Id.*) Indigent pro per inmates further have the ability to make up to two hours of telephone calls per week at no cost. (*Id.* at 3.)

**ANALYSIS**

A self-represented defendant has a constitutional right "to represent himself meaningfully." *United States v. Farias*, 618 F.3d 1049, 1053 (9th Cir. 2010). This "mean[s], at a minimum, that time to prepare and some access to materials and witnesses" must be provided. *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985), *abrogated by Kane v. Garcia Espitia*, 546 U.S. 9 (2005). "Some access," however, does not mean "unlimited access." Self-represented defendants do not, for example, have a clearly established right to access a law library. *Kane*, 546 U.S. at 10; *see Lewis v. Casey*, 518 U.S. 343, 352 (1996) (suggesting prisons "might replace libraries with some minimal access to legal advice and a system of court-provided forms").

In *United States v. Wilson*, 690 F.2d 1267 (1982), the Ninth Circuit rejected a rule that law library access is mandatory for pro se defendants. *Id*. at 1270. On appeal, Wilson argued that his

---

[1] The Court observes that Mr. Winters' motion was typed, not handwritten.

conviction should be set aside because denial of pretrial access to a law library prevented him from meaningfully exercising his rights under *Faretta*. *Id.* The Ninth Circuit disagreed, and it "decline[d] to interpret the right to self-representation under the Sixth Amendment to include a right to conduct one's own research at government expense." *Id.* at 1271.

In *Milton*, the Ninth Circuit found that a petition for habeas corpus should be granted where the county jail "materially impeded" a pro se defendant's ability to represent himself. 767 F.2d at 1445. Milton had access to law books which were nearly thirty years old. *Id.* at 1444. The court denied Milton's request for access to more recent legal materials, but it ordered that Milton be given thirteen telephone calls per week, the right to hire an investigator, and a runner to assist in the service of subpoenas. *Id.* at 1444-45. Jail authorities instead severely limited Milton's telephone use, and without a telephone or telephone book, Milton could not hire an investigator. *Id.* at 1444. Jail authorities also prevented Milton from contacting the runner on at least one occasion. *Id.* at 1445. Considering these actions together, the court found that Milton was "isolated from any means to prepare" for trial in violation of his Sixth and Fourteenth Amendment rights. *Id.*

In *Kane*, the Supreme Court reversed an order granting habeas relief where a defendant was denied access to a law library despite "repeated requests and court orders to the contrary." 546 U.S. at 9. The court observed that the defendant "had declined, as was his right, to be represented by a lawyer with unlimited access to legal materials." *Id.* at 9. In this post-AEDPA decision, the Supreme Court found that there was no clearly established right for law library access by pro se defendants, and it declined to directly address the question of whether the Sixth Amendment implies such a right. *Id.* at 10.

The legal assistance program available to Mr. Winters at Santa Rita Jail falls in the zone between no access, held unconstitutional in *Milton*, and mandatory access to law libraries, held not necessary in *Wilson* nor clearly established in *Kane*. The LAP Policy requires delivery of requested research materials within 72 hours. (LAP Policy, at 3.) This turnaround time, although potentially frustrating, is fast enough for Mr. Winters to conduct numerous iterations of research in preparation for trial over the next two months.

3

If, in reality, Mr. Winters faces a six-week delay each time he makes a request for legal research materials, Mr. Winters' time to prepare a defense for trial would be cut severely short. Mr. Winters has not made such a showing. He does not, for example, claim that any of his requests for legal materials have been delayed or denied. Moreover, Mr. Woodson remains as stand-by counsel and could be consulted for legal research in the event of delay by the jail.

Further, Santa Rita Jail's Pro Per Policy appears more than sufficient. Mr. Winters has free access to a legal pad, plain paper, pleading paper, a file folder, and envelopes, as well as two hours of free telephone calls per week. (Pro Per Policy, at 2-3.) Mr. Winters has type-written his latest two filings, and he may submit hand-written filings to the Court. If Mr. Winters exhausts his supplies and requires more in order to prepare a defense, he may make a renewed request to the Court specifying his additional needs. Pretrial release, transfer to a half-way house, or special access to a law library is not required.

It is regrettable, but not constitutionally deficient, that self-represented criminal defendants do not have access to the full suite of tools available to attorneys. In unequivocally rejecting his constitutional right to counsel, Mr. Winters sacrificed the resources and legal knowledge that come with representation. So long as Mr. Winters has meaningful access to legal research and supplies to prepare his defense, his Sixth Amendment right to self-representation is fulfilled.

## CONCLUSION

For the foregoing reasons, Mr. Winters' motion for pretrial release and/or for additional access to legal resources is DENIED.

**IT IS SO ORDERED.**

Dated: August 2, 2024

_____
JEFFREY S. WHITE
United States District Judge