UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL WINTERS,<br><br>    Defendant. | Case No. 22-cr-00406-JSW-1<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER GIVEN IN SUPPRESSION HEARING AND MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 233 |

Now before the Court is Defendant Paul Winters' motion for an order granting him relief from the judgment or order concerning the previous suppression hearing. The Court construes Mr. Winters' motion as a motion to reconsider its prior ruling denying the motion to suppress. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without further oral argument. For the following reasons, the Court DENIES the motion.

## BACKGROUND

Defendant was incarcerated in the State of California on a felony charge. On March 19, 2018, during the period of incarceration, corrections officers provided Defendant with a document titled "Notice and Conditions of Parole." (Ex. 1[1].) The top of the document stated, in bold and capitalized lettering: "You are being released to parole supervision, effective: 10/06/2018, for a maximum period of: 3 years." (*Id.*) The notice provided information regarding parole terms,

---

[1] All exhibit citations in this section refer to those introduced during the August 28, 2023 evidentiary hearing on Defendant's motion to suppress. The Government used numbered exhibits, and the Defendant used lettered exhibits. (*See generally*, Dkt. No. 107, Transcript of Proceedings ("Hr'g Tr.").)

including that Defendant was subject to warrantless searches with or without cause during the term of his parole. (*Id.*)

Defendant was released from state custody and placed on parole on October 6, 2018. (Ex. 4.) At the time of his release, Defendant signed a document titled "Notice and Conditions of Parole" and "Special Conditions of Parole," in which he acknowledged his understanding that during his parole term he was subject to a warrantless search condition. (*Id.*) The document left blank the maximum parole period. (*Id.*)

In August 2020, parole agents provided Defendant with a new Notice and Conditions of Parole. (Ex. 8.) The new document stated that the maximum period of parole was five years. (*Id.*) Due to the COVID-19 safety precautions at the time, Parole Agent Villatoro read the contents of the document to Defendant over the phone. (Hr'g Tr., at 64:2-22.) Defendant verbally acknowledged the conditions of parole, and Agent Villatoro stamped the document to indicate that Defendant stated "yes" to each of the terms and conditions of parole and that Defendant had been provided a paper copy. (*Id.* at 64:23-65:2; Ex. 8.)

In October 2020, Agent Villatoro showed Defendant a copy of the Notice and Conditions of Parole in order to obtain a wet signature from Defendant. (Hr'g Tr., at 67:5-68:5.) Defendant refused to sign because he believed he was on parole for a three-year period, not five. (*Id.* at 68:11-12, 74:10-14; Ex. 9.) The agent then went over the terms again and explained that Defendant was nevertheless subject to the conditions. (Hr'g Tr., at 68:14-69:8.) A five-year parole period would end in 2023.

On August 23, 2021, parole agents conducted a warrantless search of Defendant's residence. The agents found firearms and accessories in the home. (Dkt. No. 44, "Original Motion", Ex. A, at PW-000109.) Defendant was subsequently indicted for violation of 18 U.S.C. section 922(g)(1), felon in possession of a firearm and ammunition. (Dkt. No. 1, Indictment.) The original indictment was later superseded, and the Government added a charge for violation of 26 U.S.C. section 5861(d), possession of an unregistered firearm, as one of the firearms recovered from the parole search had an obliterated serial number and was not registered. (Dkt. No. 98, Superseding Indictment.)

Defendant filed a motion to suppress all evidence obtained from the warrantless search of his residence. (Original Motion, at 2.) The Government countered that no warrant was necessary because Defendant was on parole and subject to a warrantless search condition at the time of the search. (Dkt. No. 46, Opposition to Original Motion, at 1.)

The Court held an evidentiary hearing on the Original Motion on August 28, 2023. At the hearing, the parties agreed that the only issue before the Court was whether the Defendant was on parole at the time of the search. (Hr'g Tr., at 4:16-23.)

Government witness Lorrie Junior testified that the California Department of Corrections ("CDCR") had a standard practice of marking "3 years" for the maximum length of parole on pre-release parole notices, even though the employee would not know or be responsible for calculating the inmates' parole terms. (*Id.* at 14:9-16:10.) Parole agents would then conduct an intake audit at which the "official calculation" of the parole term was calculated, approximately thirty to ninety days after intake. (*Id.* at 16:17-24, 28:4-5.) Defendant's parole period was thus calculated after he was released from incarceration, and not in March 2018, when he received notice of his conditions of parole. (*Id.* at 17:2-5.) The parole period was also calculated after October 8, 2018, when Defendant signed the second Notice and Conditions of Parole with a blank maximum parole date. (*Id.* at 27:4-17.) When the parole intake agent calculated the parole period at the intake audit, he based the period on the statute for the underlying crime and California Penal Code section 3000(b)(1). (*Id.* at 18:1-10, 28:8-13.)

Counsel for Defendant asked Ms. Junior about a Legal Status Summary dated March 11, 2018, which purportedly stated that Defendant's control and discharge date ("CDD")[2] would be September 3, 2020. (*Id.* at 57:14-21.) Counsel for Defendant informed that he had been unable to obtain the file from CDCR, and so he had not been able to review the Legal Status Summary, but he asked Ms. Junior about the document anyway. (*Id.* at 57:22-23.) Ms. Junior testified that the CDD on the Legal Status Summary would be preliminary, not controlling, and that CDCR typically put the standard three-year parole period on its preliminary forms for all felons. (*Id.* at

---

[2] A CDD is the date on which an inmate is first eligible for discharge from parole. (Hr'g Tr., at 21:6-11.)

3

1   57:25-58:4.)

2   With the benefit of the evidentiary hearing, the record, and the arguments of counsel, the Court found that the August 2021 search was lawful because Defendant was on parole at the time of the search as a matter of law and the officers had probable cause to believe that Defendant resided at the address. (*Id.* at 87:2-88:2.) Accordingly, the Court denied the motion to suppress. (Dkt. No. 72, Minute Order.) The Court subsequently issued rulings to exclude evidence and argument regarding the lawfulness of the search during trial. (*See* Dkt. No. 198, Tr. of Pretrial Conference, at 13:20-24 (granting motion *in limine* to exclude argument regarding suppression issues).)

Defendant now seeks reconsideration.

## ANALYSIS

**A.     Legal Standard.**

District courts have "inherent authority" to reconsider orders in criminal cases. *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). Given the absence of a specific rule in the Federal Rules of Criminal Procedure governing motions to reconsider, district courts typically borrow the standards from Rule 60(b) of the Federal Rules of Civil Procedure to determine whether reconsideration is warranted. *United States v. Brown*, No. 2:13-CR-00407-TLN, 2016 WL 6988665, at *3 (E.D. Cal. Nov. 29, 2016). "Motions for reconsideration are not 'the proper vehicles for rehashing old arguments,' and are not 'intended to give an unhappy litigant one additional chance to sway the judge.' " *Id.* at *3 (quoting *United States v. DePue*, No. 2:10-CR-109-RLH-PAL, 2013 WL 321667, at *1 (D. Nev. Jan 28, 2013)).

**B.     Reconsideration Is Not Warranted Under Rule 60(b)(2).**

Under Rule 60(b)(2), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2).

Defendant claims that the following should have been produced prior to the hearing on the Original Motion: (1) an email in which Parole Agent Edward Dayrit expresses his concerns that

4

the legal status summary report dated May 11, 2018 showed Defendant's final sentence date as September 3, 2020 (the "Dayrit Email"); (2) the May 11, 2018 Legal Status Summary report; and (3) time calculation worksheets. None of these documents constitutes "newly discovered" evidence that could not have been discovered with reasonable diligence.

The Dayrit Email does not demonstrate that Defendant's original CDD date was September 3, 2020. Instead, it reflects that Dayrit was seeking information about the audit process and clarity regarding the May 11, 2018 Legal Status Summary. (*See* Dkt. No. 236, Ex. 2, Dayrit Email.) Dayrit's interlocutor at CDCR responded with a brief explanation and document entitled "Calculation Worksheet," the complained-of missing document. (*Id.*) The Government represents that it produced the time calculation worksheets to the defense prior to the evidentiary hearing. (Dkt. No. 236, U.S. Response to Motion for Reconsideration ("Response"), at 5:15-17 (setting forth dates document was produced).)

The May 11, 2018 Legal Status Summary was known to the defense prior to the hearing on the Original Motion. Although Defendant did not possess the document itself, Defendant was aware of its contents. Counsel for Defendant questioned Ms. Junior about the document and its significance. Ms. Junior testified that the Legal Status Summary did not calculate Defendant's CDD date because it was a parole intake agent, not CDCR, that was responsible for the parole calculation. Any parole date on the form would have been a preliminary date or placeholder.[3] The Court thus finds that the report is not newly discovered evidence and would not have merited a different result if introduced in connection with the Original Motion.

**C.     Reconsideration Is Not Warranted Under Rule 60(b)(3).**

Under Rule 60(b)(3), a court may reconsider a prior order based on "fraud, … misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Defendant

---

[3] The Government obtained the report from CDCR on August 13, 2024 and produced the report to Defendant on August 15, 2024. (Response, at 5:20-6:10.) The Government accuses the Defendant of lacking diligence because the Government requested and received the May 11, 2018 legal status summary report, and Defendant did not. (*Id.* at 9:7-9.) Not so. Defendant requested the reports on multiple occasions, including via subpoena, but the report was not produced. (*See* Dkt. Nos. 181, 219 (certifying Defendant produced subpoena responses from CDCR to the Government).) It is unclear to the Court why CDCR failed to produce the document in response to multiple subpoena requests from both parties.

5

claims that reconsideration is warranted due to misconduct by the Government.

According to Defendant, the Government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence that supposedly shows Defendant's parole period was only three years. The only documents at issue not disclosed by the Government and which show a parole period of three years is the May 11, 2018 Legal Status Summary and the Dayrit Email inquiring about the same. The Government was required to turn over a document if it (1) possessed the document and (2) the document is material. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995).

The Government "possesses" a document or information if the prosecutor "has knowledge of and access to" the document. *Id.* (quoting *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989)). A prosecutor is presumed to have access to documents held by federal executive branch agencies. *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019). This presumption does not extend to documents and information held by state agencies, including CDCR. *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (holding no *Brady* violation where CDCR file not produced because the "defendant ha[d] enough information to be able to ascertain the supposed Brady material on his own").

The Government contends the Legal Status Summary was not in its possession until August 2024 despite multiple subpoena requests. (Response, at 5:22-6:3.) The Government cannot produce documents it does not have. Accordingly, the Court finds the Government did not commit misconduct by failing to produce the May 11, 2018 Legal Status Summary, and reconsideration is not warranted on this basis.

The Dayrit Email does not warrant reconsideration because it is not material. The email did not include the May 11, 2018 Legal Status Summary, and it does not demonstrate that Defendant was subject to a three-year parole period. The Government thus did not commit misconduct if it failed to produce the email prior to the hearing on the Original Motion.

**D.     Reconsideration Is Not Warranted Under Rule 60(b)(6).**

Rule 60(b)(6) provides the Court discretion to reconsider a prior order or judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Judgments are not often set aside

under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), in turn quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Plaintiff has not demonstrated that such extraordinary circumstances exist in this case. Accordingly, Plaintiff has not demonstrated valid grounds for relief from judgment under Rule 60(b)(6).

## CONCLUSION

The Court DENIES Defendant's motion. The Court further reiterates, reminds, and ORDERS Defendant to refrain from arguing issues of suppression or the lawfulness of the August 23, 2021 search to the jury during trial.

**IT IS SO ORDERED.**

Dated: September 9, 2024

_____
JEFFREY S. WHITE
United States District Judge