ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

RAVI T. NARYAN (CABN 331858)
Deputy Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    kenneth.chambers@usdoj.gov
    robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-00406-JSW |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| PAUL WINTERS | Sentencing Date: January 7. 2025<br>Time: 1:00 p.m.<br>Judge: Hon. Jeffrey S. White |
| Defendant. | |

## I. INTRODUCTION

The United States respectfully requests that this Court sentence the defendant to 51 months in custody, which is in accordance with the plea agreement filed on October 1, 2024. The government also requests that his sentence be followed by three years of supervised release. The plea agreement resolves a case in which the defendant, Paul Winters, was initially charged by Indictment on October 20, 2022 with one count of Felon in Possession of Ammunition, a felony, in violation of 18 U.S.C. §922(g)(1). *See* Dkt. No. 1. A subsequent Superseding Indictment was filed on January 25, 2024 charging the defendant with an additional count of Possession of an Unregistered Firearm, a felony, in violation of 26 U.S.C. §5861(d). *See* Dkt. 98. The defendant pled guilty pursuant to a plea agreement on October 1, 2024. *See* Dkt. No. 255. The defendant will appear before this Court for sentencing on January 7, 2025 at 1:00 p.m.

## II. FACTUAL BACKGROUND

On or about August 23, 2021, parole agents from the California Department of Corrections and Rehabilitation ("CDCR") came to the defendant's home at 3753 39th Avenue, Oakland, CA, 94619, here in the Northern District of California. PSR at ¶ 7. When the agents arrived at his home, they informed the defendant that they were there to conduct a search of his home. PSR at ¶ 8. When the CDCR agents searched the defendant's home, they recovered a blue duffle bag from underneath the bed in his bedroom. *Id*. Inside the blue bag was an AR style rifle and six empty AR magazines. *Id*. There was no serial number located on this rifle. *Id*. In addition to the blue duffle bag, the CDCR agents recovered from underneath the same bed a black Victoria's Secret Pink bag. *Id*. Inside of this bag, was another AR style rifle, six magazines loaded with ammunition, and one high-capacity pistol magazine loaded with ammunition. *Id*. This firearm also had no serial number. *Id*.

In addition to these two firearms, a Smith & Wesson firearm was recovered, loaded with six (6) rounds of .40 caliber ammunition, and fourteen (14) .40 caliber rounds inside of a spare Smith & Wesson magazine, from inside of a storage bin located next to the bed. PSR at ¶ 9. The defendant's wallet was also located inside of this storage bin containing my California Identification Card. The serial number was obliterated from the Smith & Wesson. *Id*.

Furthermore, there was a green field box located inside the bedroom closet. *Id*. Inside the field box were five boxes of ammunition of various brands. The box contained the following: one Sellier and Bellot caliber ammunition; one Remington caliber ammunition; one Blazer ammunition round; and two Hornady black ammunition rounds. *Id*. In total, the defendant had approximately over 400 rounds of ammunition inside of his home. There was also a drill-press located in one of the bedrooms inside of his home. PSR at ¶ 10.

The defendant knowingly possessed all the ammunition inside of his home on August 23, 2021. Furthermore, the ammunition that the defendant knowingly possessed was not manufactured in California, and therefore traveled in interstate or foreign commerce. *Id*. At the time of possession, on August 23, 2021, the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year; and he knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. PSR at ¶ 11.

### III.  DEFENDANT'S GUIDELINE CALCULATION

As set forth in the Plea Agreement, the Sentencing Guidelines calculations for the defendant's offense level is as follows:

a.  Base Offense Level, U.S.S.G. § 2K2.1(a)(3)/(a)(4)(A):                                    22/20

b.  Specific offense characteristics under U.S.S.G. Ch. 2

    3-7 Firearms § 2K2.1(b)(1)(A)                                                                            +2

    Obliterated Serial Number § 2K2.1(b)(4)(B)                                                    +4

c.  Acceptance of Responsibility:                                                                               - 3

    If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

Adjusted Offense Level:                                                                                              25/23

### IV.  LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of

any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need to void unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V. PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Khaminh Huynh. Dkt. 257. The PSR has an adjusted offense level of 26. PSR at ¶ 26. The government believes the guidelines should be reflected as outline in the plea agreement in this case, and for this reason, object to the offense calculation determined by probation. Accordingly, the government's sentence recommendation is in accordance with the offense calculation agreed to by the parties in the plea agreement. The parties did not agree on a Criminal History Category. Probation determined that the defendant's Criminal History Category is III. PSR at ¶ 42. The government does not object to the Criminal History Category determined by probation. The government agrees with probation that the defendant should receive a three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty. The government does not have any objections to the report's factual recitation or recommended supervision terms.

## VI. SENTENCING RECOMMENDATION

The government recommends a sentence of 51 months. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

This 51-month recommendation is consistent with the plea agreement in this case, and the guidelines calculation therein. The government believes that the 51-month sentence is an appropriate sentence based on the sentencing factors set forth under 18 U.S.C. § 3553(a).

In accordance with the sentencing factors, the government believes that the 51-month recommended sentence reflects the seriousness of the offense, while also considering the nature and characteristics of the offense, and the history and characteristics of the defendant.

In this case, the defendant had an arsenal of firearms inside of his home. He admitted to possessing over 400 rounds of ammunition inside of his home. *See* Dkt. 255. In addition to that, the defendant was in possession of three firearms as well. The defendant had two AR style rifles, one with a barrel of less than 18 inches in length, and a Smith and Wesson pistol.

In turning to the history and characteristics of the defendant, the defendant has a prior conviction for Rape in Concert, Robbery in the First Degree, and Burglary in the First Degree, where he received a concurrent sentence of 15 years. PSR at ¶ 38. In addition to these two felony convictions, the defendant has had multiple contacts with the criminal justice system dating back to 1996. PSR at ¶ 29. The government also acknowledges that the defendant's health has been declining since he has been in custody. Defendant was ordered detained in December of 2022. PSR at ¶ 5. Since his detention, defendant has referenced his declining health. *See* Dkts. 109 and 180. In balancing the underlying conduct in this offense with the defendant's deteriorating health, the government believes a 51-month sentence strikes this balance. Accordingly, the government respectfully recommends a custodial sentence of 51 months.

## VII. CONCLUSION

With full consideration, the Government recommends that the Court impose a sentence of 51 month in prison, followed by three years of supervised release, a $100 special assessment fee. This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

DATED:  December 31, 2024

Respectfully submitted,

ISMAIL J. RAMSEY

United States Attorney

_____/s/_____
KENNETH CHAMBERS
ROBERT DAVID REES
Assistant United States Attorneys